UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DENNIS THRASHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-0407 |
| v. ) | |
| ) | Judge Sharp |
| CITY OF GALLATIN, TENNESSEE, ) | Magistrate Judge Bryant |
| et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is a Motion for Partial Dismissal (Docket No. 15) by Defendants City of Gallatin ("Gallatin") and Don Bandy. Plaintiff responded to the motion (Docket No. 21), Defendants Gallatin and Bandy replied (Docket No. 22), and by Agreed Order (Docket No. 24) several claims were dismissed. Plaintiff, however, continues to assert a claim of intentional infliction of emotional distress ("IIED" or "outrageous conduct"[1]) against Defendants Bandy and John Tisdale. (Docket No. 24 at 1, n.1). In the pending motion, Gallatin and Bandy ask the Court to dismiss the outrageous conduct claim as to Defendant Bandy.

In deciding a motion to dismiss under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The court must assume that all of the factual allegations are true, even if they are doubtful in fact. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In contrast, legal conclusions are not entitled to the

---

[1] "Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." *Bain v. Wells*, 936 S.W.2d 618, 622 n.3 (Tenn. 1997).

1

assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Blanket assertions" or a "formulaic recitation of the elements of a cause of action" are not sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 556 n.3. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim of outrageous conduct under Tennessee law, a plaintiff must allege three elements: (1) intentional or reckless conduct (2) that is so outrageous that it is not tolerated by civilized society, (3) resulting in serious mental injury. *Bain*, 936 S.W.2d at 622. The complained-of conduct must be "extreme and outrageous," the Tennessee Supreme Court has explained:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'

*Id.* at 623 (quoting Restatement (Second) of Torts § 46 comment d (1965)). "This is an extremely high standard for the plaintiff to meet," *Jenkins v. Nashville Pub. Radio*, 3:02CV0179, 2005 WL 3358871 (M.D. Tenn. Dec. 9, 2005), as the case law attests. A man who told a woman that his wife was having a seizure, and then, as the woman called 911, shot his wife in the head, turned to face the woman, and shot himself in the head, could be found liable for the tort of outrageous conduct. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48, 52 (Tenn. 2004). In contrast, supervisors who

> assign[ed a plaintiff] to menial tasks, unfairly reprimanded him, gave him low performance appraisal [*sic*], monitored his communications with the [Nuclear Regulatory Commission] and Congressional investigators, attempted to gain his medical records, and barred him from promotions, bonuses and raises

could not be found liable for outrageous conduct. *Jones v. Tennessee Valley Auth.*, 948 F.2d 258, 266 (6th Cir. 1991).

In the instant case, Plaintiff has alleged that Bandy made "racially suggestive comments" about two African-Americans, outside their presence, in a private meeting; allowed a pretextual investigation to continue in an effort to find a reason to discharge Plaintiff; and then discharged him. (Docket No. 1 at ¶¶ 20, 28, 33).[2] Indeed, this scenario more closely resembles *Jones* than *Lourcey*. Plaintiff argues that the complaint "set[s] forth a pattern of abuse toward the Plaintiff . . . that defendant Don Bandy was a participate [*sic*] in." But this is beside the point. It cannot be said that Bandy's actions, if true, are "so outrageous in character, and so extreme in degree" that they go "beyond all bounds of decency" and are "regarded as atrocious and utterly intolerable in a civilized community." *Bain*, 926 S.W.2d at 623. Bandy's alleged conduct may be contemptible, even tortious, but it does not give rise to a claim of outrageous conduct. *See Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. Apr. 26, 1993) (no claim of outrageous conduct where medical examiner falsified death records, prematurely removed body from scene of accident, and fraudulently diagnosed cause of death without examining body, and other defendant made false statements and advised perpetrator to leave scene of accident), *perm. app. denied*, Aug. 2, 1993.

---

[2] All other allegations either pertain to Tisdale—who, the Complaint alleges, directed Plaintiff to perform an improper database search; provided false information to investigators; placed Plaintiff on administrative leave; showed up at work when he should not have and parked in Plaintiff's parking space; reassigned Plaintiff to another position; and, along with "others," made comments about loyalty and about talking to the Tennessee Bureau of Investigation (TBI)—or are unattributed, conclusory, or pertain to the police department as a whole. (*See generally* Docket No. 1).

3

Accordingly, Defendant's Motion for Partial Dismissal will be GRANTED in part: Plaintiff's claim of outrageous conduct against Defendant Bandy will be DISMISSED. In light of the Agreed Order, the remainder of the motion will be DENIED AS MOOT.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

4

Case 3:12-cv-00407   Document 30   Filed 02/20/13   Page 4 of 4 PageID #: 123